David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for the Plaintiffs
David J. Gazinski and Edith M. Gazinski

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| David J. Gazinski and Edith M. Gazinski, | **COMPLAINT FOR DAMAGES** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| Delivery Financial Services, LLC, | |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting

methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. David J. Gazinski and Edith M. Gazinski, ("Plaintiffs"), through Plaintiffs' attorneys, brings this action to challenge the actions of Delivery Financial Services, LLC ("Defendant"), with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiffs' damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiffs allege that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

8. Because Defendant is a registered Limited Liability Company in Arizona and does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 as the events that give rise to this action occurred within Phoenix, Arizona.

### PARTIES

10. Plaintiff David J. Gazinski is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona.

11. Plaintiff Edith M. Gazinski is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona.

12. Defendant has a physical location and does business in the City of Phoenix, County of Maricopa, State of Arizona.

13. Both Plaintiffs are a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Plaintiffs are informed and believe, and thereon allege, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

15. Plaintiffs are informed and believe, and thereon allege, that Defendant acquired both Plaintiffs' credit information through an unauthorized inquiry of Plaintiffs' "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

### STATUTORY BACKGROUND

16. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

17. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

18. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

19. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

20. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

21. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. See 15 U.S.C. § 1681b(a)(3)(A)-(F).

**FACTUAL ALLEGATIONS**

22. At all times relevant to this matter, Plaintiffs were both individuals residing within the State of Arizona.

23. At all times relevant, Defendant conducted business within the State of Arizona.

24. On or about September 26, 2014, Plaintiffs jointly filed for a Chapter 7 Bankruptcy as a married couple in the U.S. States Bankruptcy Court, District of Arizona, case number 2:14-bk-14757-DPC.

25. In Plaintiffs' bankruptcy filing, a former debt collector of the alleged debt, Collection Service Bureau, Inc. was included as a creditor and was served notice of Plaintiff's filing bankruptcy as well as Plaintiff's subsequent discharge.

26. Plaintiffs are informed and believe that the alleged debt was transferred and/or bought out by Defendant from Collection Service Bureau, Inc.

27. Plaintiffs' bankruptcy discharge occurred on January 20, 2015.

28. On or about February 10, 2015, Defendant made an account inquiry accessing each of Plaintiffs' Trans Union credit reports indicating a permissible purpose of "COLLECTION".

29. Plaintiffs did not conduct any business nor incur any additional financial obligations with Defendant since the date of their filing for bankruptcy.

30. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

31. Since any alleged debt owed to Defendant was discharged in bankruptcy, debt collection was not a permissible purpose to access Plaintiffs' consumer report information.

32. Defendant's inquiry for Plaintiffs' consumer report information, without either of Plaintiffs' consents, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

33. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

34. As a result of Defendant's illegal actions, Plaintiffs' credit scores were lowered.

35. Since Defendant should have had notice of Plaintiffs' bankruptcy and should have been aware the debt was no longer owed, Defendant's actions were willful.

## CAUSES OF ACTION

### COUNT I

### FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

36. Plaintiffs repeat, re-alleges, and incorporate by reference, all other paragraphs.

37. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

38. As a result of each and every negligent violation of the FCRA, Plaintiffs are entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

39. As a result of each and every willful violation of the FCRA, Plaintiffs are entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class

members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

## COUNT I

## FAIR CREDIT REPORTING ACT (FCRA)

## 15 U.S.C. §§ 1681 ET SEQ.

40. An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

41. An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

42. An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

43. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

## TRIAL BY JURY

44. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: July 22, 2015                                **Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorney for the Plaintiff